UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDDIE L. DILLARD,

      Petitioner,

v.

RAMSEY COUNTY SHERIFF
BOB FLETCHER,

      Respondent.

Civil No. 09-1165 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2000, Petitioner was convicted in the state district court for Ramsey County, Minnesota, on several state criminal charges involving kidnapping and prostitution. He was sentenced to 105 months in prison, to be followed by 53 months of supervised release, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Minnesota.  (Petition, [Docket No. 1], p. (2), ¶s 1-4.)  Petitioner's present habeas corpus petition challenges the legal validity and constitutionality of his 2000 Ramsey County convictions and sentence.

Petitioner has filed two previous habeas corpus petitions in this District: Dillard v. Fabian, Civil No. 03-5317 (JNE/JGL), ["Dillard I"], and Dillard v. State of Minnesota, Civil No. 05-2087 (JNE/JGL), ["Dillard II"].  Petitioner's first habeas petition, Dillard I, challenged the same convictions and sentence at issue here.  That case was summarily dismissed with prejudice, because it was time-barred.  Dillard II also challenged the same 2000 Ramsey County convictions and sentence that Petitioner is attempting to challenge here.  That case was summarily dismissed, because it was a second or successive federal habeas corpus petition, which had not been pre-approved by the Eighth Circuit Court of Appeals. Petitioner tried to appeal the dismissal of Dillard II, but he was unable secure a certificate of appealability, (see 28 U.S.C. 2253(c)), from either the presiding District Court Judge or the Eighth Circuit Court of Appeals.[2]

Because Petitioner's current habeas corpus petition challenges the same convictions and sentence that were before the Court in Dillard I, (and again in Dillard II), the Court finds that Petitioner has now filed another "successive petition," which cannot be entertained at this time.

## II.  DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth

---

[2]  Petitioner subsequently applied to the Court of Appeals for a pre-authorization order that would allow him to file another habeas corpus petition in this District, but that application was denied.  See In Re: Application for Successive Habeas Corpus, D.Minn., Misc. No. 07-2 (JMR) [Docket No. 1].

at 28 U.S.C. § 2244(b).³  Under that rule, a district court cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner

---

³ 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).  See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's third application for federal habeas corpus review of his convictions and sentence in Ramsey County in 2000.  Because one of those prior cases, namely Dillard I, was dismissed with prejudice, the Court finds that the present action, (like Dillard II), must be viewed as a "second or successive petition" for purposes of § 2244(b).  As such, the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be summarily dismissed for lack of jurisdiction.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[4]  Petitioner

---

[4] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).  However, it would not be advisable to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly

should carefully note, however, that <u>this District Court will not entertain any future habeas petition pertaining to his 2000 Ramsey County convictions and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)</u>.[5]

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

---

with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

[5]   Petitioner received this same warning in <u>Dillard II</u>, but he obviously has disregarded the Court's admonition. It should now be evident to Petitioner that he will not accomplish anything by filing new successive habeas challenges to his 2000 Ramsey County convictions and sentence, without first obtaining a pre-authorization order from the Court of Appeals. Any future habeas petition challenging Petitioner's 2000 Ramsey County convictions and sentence, which is not accompanied by a pre-authorization order from the Court of Appeals, will meet the same fate as the present petition – summary dismissal.

   3.  This action be summarily dismissed without prejudice for lack of jurisdiction.


Dated:  May 20, 2009                      *s/ Jeanne J. Graham*
                                               JEANNE J. GRAHAM
                                               United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 4, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.